**UNITED STATES of America,
Plaintiff,**

v.

**INTERNATIONAL BOXING CLUB OF NEW YORK, INC., a corporation of New York; International Boxing Club, a corporation of Illinois; Madison Square Garden Corporation, a corporation of New York; James D. Norris; and Arthur M. Wirtz, Defendants.**

United States District Court
S. D. New York.

July 2, 1957.

Herbert Brownell, Jr., Atty. Gen., Victor R. Hansen, Asst. Atty. Gen., Victor H. Kramer, New York City, Richard B.

O'Donnell, John D. Swartz, William J. Elkins, Lawrence Gochberg, Frank D. Curtis, Edward F. Corcoran, Attys., Dept. of Justice, New York City, for the United States.

Simpson, Thacher & Bartlett, Dwight, Royall, Harris, Koegel & Caskey, New York City, for defendants.

RYAN, District Judge.

This cause having been heard, and the Court having fully considered the evidence and arguments, and having filed its Opinion on Violations, Findings of fact and Conclusions of Law, and having fully considered evidence and arguments on relief, it is hereby

Ordered, Adjudged and Decreed That:

1. As used in this Final Judgment:

(a) "Person" means any individual, partnership, firm, corporation, or any other legal entity;

(b) "Madison Square Garden" means the arena located in New York City, owned and operated by Madison Square Garden Corporation, or any arena which Madison Square Garden Corporation may use as a replacement thereof after the destruction, sale, or permanent discontinuance of use by said Corporation of its existing arena;

(c) "Chicago Stadium" means the stadium located in Chicago, Illinois, owned and controlled by the Chicago Stadium Corporation or any stadium which Chicago Stadium Corporation may use as a replacement thereof after the destruction, sale, or permanent discontinuance of use by said Corporation of its existing stadium;

(d) "Professional championship boxing contests" means a contest between two professional boxers, the winner of which will receive recognition as the champion of a recognized weight division; and

(e) "Promote" means in respect of any professional boxing contest the acquiring of any right to participate in, share or receive the proceeds, revenue or receipts thereof, **or**

any part of said proceeds, revenue or receipts, but this shall not include payments for the use of any arena or stadium nor shall it include payments to contestants. "Promotor" means any person who undertakes the promotion of a professional boxing contest.

2. The provisions of this Final Judgment shall be binding upon the parties to this action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise.

3. All contracts between any professional boxer and any of the defendants, which provide that a boxer will engage in professional boxing contests exclusively for any of the defendants, are hereby declared to be null and void.

4. The defendants, and each of them, are restrained and enjoined from entering into, directly or indirectly, any contract, agreement, or understanding, which provides, in terms or in effect, that a boxer shall not engage in a professional boxing contest for any person other than the defendants, or any of them. Provided, however, that nothing in this Section Four (4) shall be construed to prevent the defendants, or any of them, from entering into a contract with a professional boxer providing for the promotion of a single professional boxing contest. After five (5) years from the date of entry of this Final Judgment, this provision shall not prevent the defendants, or any of them, from entering into a contract with a professional boxer providing for the promotion of a single professional boxing contest which contract may contain a provision that the contracting defendant shall have the right to promote one (1) return professional boxing contest between the same boxers within a period of not more than eight (8) months from the date of such professional boxing contest.

5. The defendants, and each of them, are restrained and enjoined from main-taining, enforcing, attempting to enforce or entering into, directly or indirectly, and contract, agreement, or understanding which provides, in terms or in effect, that the owner or operator of any arena or stadium not owned or controlled by them or any of them, shall not lease, or otherwise make available, any such arena or stadium to any person other than the defendants, or any of them, for the purpose of promoting a professional boxing contest. This provision shall not prevent the defendants, or any of them, from leasing an arena or stadium not owned or controlled by them for the purpose of promoting any single-professional boxing program contemplated to be presented on one day.

6. The defendants, and each of them, are hereby restrained and enjoined from interfering, in any manner, with the sale or disposition of the radio, television, motion picture, theatre television, or other similar rights to a professional championship boxing contest by any promoter other than the defendants.

7. The defendants, and each of them, are hereby restrained and enjoined from maintaining, enforcing, attempting to enforce, or entering into any contract, agreement, or understanding with any sponsor of a radio or television series of professional boxing contests promoted or arranged for by any of the defendants, or with any radio or television network carrying such a series, which prevents, in terms or in effect, the said sponsor or network from purchasing directly from any other promoter the broadcast or television rights to one or more professional championship boxing contests and presenting it as a part of such a television or broadcast series, or independently of such a series.

8. Within five (5) years from the date of entry of this Final Judgment, defendants James D. Norris and Arthur M. Wirtz, and each of them, are hereby ordered to sell or cause to be sold all of the capital stock of Madison Square Garden Corporation, which they, or either of them, own or control, directly or indirect-

ly through any other person or entity. The aforesaid sale shall be made under conditions and to a person, or persons, approved by this Court.

9. Pending the sale of stock pursuant to Section Eight (8), above, defendants James D. Norris and Arthur M. Wirtz, and each of them, are hereby ordered to transfer to Hon. George Frankenthaler, 120 Broadway, New York City and Hon. Harold M. Kennedy, 26 Broadway, New York City, trustees now named and appointed by this Court, all of the capital stock of the Madison Square Garden Corporation which James D. Norris and Arthur M. Wirtz, or either of them, own or control, directly or indirectly through any other person or entity.

The said trustees shall report the amounts, stock certificate numbers and transferor of the said stock as received by them to this Court and to the Assistant Attorney General in charge of the Antitrust Division.

If the said stock is not sold by defendants James D. Norris and Arthur M. Wirtz within the period specified in Section Eight (8), above the trustees are hereby ordered and empowered to sell said stock within two years thereafter to persons not connected or affiliated in any way with defendants James D. Norris or Arthur M. Wirtz. The aforesaid sale by the trustees shall be made only after obtaining, on notice to the Assistant Attorney General in charge of the Antitrust Division and to the defendants James D. Norris and Arthur M. Wirtz, the approval of this Court as to the terms and conditions of the proposed sale. The said trustees shall after such sale by them immediately distribute the proceeds thereof pro rata to the persons entitled to receive the same.

10. The said trustees are hereby empowered and authorized to exercise all voting rights in the said stock and all rights and privileges incident to ownership thereof, except the right to retain cash dividends, and except the right to vote on a sale of the assets or a liquidation or merger of Madison Square Garden Corporation without instructions from this Court, given after notice to the defendants and to the Assistant Attorney General in charge of the Antitrust Division. All dividends received on any share of stock held by the trustee shall immediately be distributed pro rata to the persons entitled to receive the same, except that any such dividends received by the trustee in the form of stock having the right to vote shall be retained by the trustee subject to the same terms and conditions as the other shares held hereunder.

11. The said trustees are entitled to reasonable compensation for all services rendered by them as such trustees, and also to reimbursement for any expenses incurred by them in the performance of their duties hereunder, the amounts thereof to be approved by this Court. Such compensation and expenses shall be paid out of the dividends received on, or the net proceeds realized from the disposition of, the said stock.

12. Defendants James D. Norris and Arthur M. Wirtz, and each of them, are hereby enjoined and restrained from purchasing any of the capital stock or assets of, or from obtaining any financial interest in, the Madison Square Garden Corporation.

13. Defendants James D. Norris and Arthur M. Wirtz, and each of them, are hereby restrained and enjoined from voting, by proxy or otherwise, any of the capital stock of Madison Square Garden Corporation.

14. Within thirty (30) days from the date of this Final Judgment, defendants James D. Norris and Arthur M. Wirtz, and each of them, are hereby ordered and directed to resign as officers and/or directors of the Madison Square Garden Corporation, and are hereby restrained and enjoined from thereafter serving as directors or officers of the Madison Square Garden Corporation.

15. Defendants James D. Norris and Arthur M. Wirtz, and each of them, on the one hand, and the defendant Madison

Square Garden Corporation, on the other hand, are hereby restrained and enjoined from jointly promoting any professional boxing contest and from maintaining, enforcing, attempting to enforce, or entering into, directly or indirectly, any contract, agreement, lease, or understanding between them relating to the promotion of any professional boxing contest. Nothing, however, in this Section Fifteen (15), after a period of five (5) years from the date of the entry of this Final Judgment, shall prevent or prohibit James D. Norris or Arthur M. Wirtz from leasing Madison Square Garden for the promotion of a boxing contest, or the Madison Square Garden Corporation from leasing any arena or stadium owned or controlled by James D. Norris or Arthur M. Wirtz for the same purpose.

16. For a period of five (5) years from the date of entry of this Final Judgment, the defendant Madison Square Garden Corporation is hereby restrained and enjoined from promoting, directly or indirectly, more than two professional championship boxing contests held during any period of twelve (12) consecutive months.

17. For a period of five (5) years from the date of entry of this Final Judgment, the defendants James D. Norris and Arthur M. Wirtz are hereby restrained and enjoined from promoting, directly or indirectly, either jointly or separately, more than two professional championship boxing contests held during any period of twelve (12) consecutive months.

18. Defendant Madison Square Garden Corporation is hereby ordered to lease Madison Square Garden to any promoter duly licensed by the State of New York, who seasonably applies in writing to promote a professional championship boxing contest therein on a specific day, provided:

(a) That the amount of rental and the terms of the lease shall be fair and reasonable for the particu-

lar kind, type and quality of specific event on the specific day; and

(b) That with the application is furnished adequate security to insure the promoter's performance of the lease when and if signed; and

(c) That at the time of the application neither shall Madison Square Garden be under lease to another for the day selected by the applicant nor shall the lease applied for conflict with any well-established event which has been regularly conducted in Madison Square Garden.

In the event that any applicant shall make a bona fide offer to lease Madison Square Garden in accordance with such provisions and the parties be unable to agree on the adequacy of the security or on fair and reasonable rental or other terms or conditions, the applicant may promptly apply to this Court, on notice to the Assistant Attorney General in charge of the Antitrust Division, for the determination of adequate security and the fair and reasonable rental and other terms or conditions for the rental of Madison Square Garden on such day.

19. Defendants Arthur M. Wirtz and James D. Norris, or either of them, are hereby ordered, so long as they or either of them own stock control of Chicago Stadium Corporation, to lease or cause to be leased Chicago Stadium to any promoter, duly licensed by the State of Illinois, who seasonably applies in writing to promote a professional championship boxing contest therein on a specific day, provided:

(a) That the amount of rental and the terms of the lease shall be fair and reasonable for the particular kind, type and quality of specific event on the specific day; and

(b) That with the application is furnished adequate security to insure the promoter's performance of the lease when and if signed; and

(c) That at the time of the application neither shall Chicago Stadium be under lease to another for the day

selected by the applicant nor shall the lease applied for conflict with any well-established event which has been regularly conducted in Chicago Stadium.

In the event that any applicant shall make a bona fide offer to lease Chicago Stadium in accordance with such provisions and the parties be unable to agree on the adequacy of the security or on fair and reasonable rental or other terms or conditions, the applicant may promptly apply to this Court, on notice to the Assistant Attorney General in charge of the Antitrust Division, for the determination of adequate security and the fair and reasonable rental and other terms or conditions for the rental of Chicago Stadium on such day.

20. Sections 18 and 19 shall be in force for a period of five years from the date of the entry of this Final Judgment, but prior to the expiration of such five year period the Court upon application may extend such sections in force for such further period on such conditions as the Court shall determine.

21. Defendants International Boxing Club, Inc., an Illinois corporation, and International Boxing Club of New York, Inc., a New York corporation, are hereby ordered immediately to take appropriate steps to cause their dissolution in accordance with the laws of their respective states of incorporation.

22. Pending such dissolution, defendants International Boxing Club, Inc., an Illinois corporation, and International Boxing Club of New York, Inc., a New York corporation, are hereby restrained and enjoined from promoting any professional championship boxing contest.

23. Nothing in this Final Judgment shall impose any obligation on the defendants, or any of them, to do or omit to do any act outside the United States, its territories and possessions.

24. For the purpose of securing compliance with this Final Judgment, duly authorized representatives of the Department of Justice shall, on written request of the Attorney General or the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to any of the defendants made to the principal office of such defendant, be permitted, subject to any legally recognized privilege when determined by this Court, (a) access, during the office hours of any of the defendants, to all books, ledgers, accounts, correspondence, memoranda and other records and documents in the possession of or under the control of such defendant, relating to any matters contained in this Final Judgment, and (b) subject to the reasonable convenience of such defendant but without restraint or interference from such defendant, to interview officers or employees of defendant, who may have counsel present, regarding any such matters. Information obtained by the means permitted above shall not be divulged by any representative of the Department of Justice to any person other than this Court or a duly authorized representative of the Department of Justice except in the course of legal proceedings for the purpose of securing compliance with this Final Judgment in which the United States is a party, or as otherwise required by law.

25. Jurisdiction of this cause is retained by this Court for the purpose of enabling any of the parties to this Final Judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the construction or carrying out of this Final Judgment, for the amendment or modification of any of the provisions thereof, for the enforcement of compliance therewith, and for the punishment of violations thereof, or upon a showing by any of the parties to this suit for amendment, vacation or modification of any of the provisions hereof are in the public interest.

26. Defendants are hereby ordered to pay all costs to be taxed in this case.